W. Adam Duerk, Esq.
MILODRAGOVICH, DALE
STEINBRENNER & NYGREN, P.C.
Attorneys at Law
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Telefax: (406) 549-7077
aduerk@bigskylawyers.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK BRINDA,<br><br>    Plaintiff,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Cause No.<br><br>**COMPLAINT** |

COMES NOW the Plaintiff Mark Brinda (hereinafter "Brinda") by and through his undersigned counsel of record, and hereby makes the following claims against the Defendant United States of America.

## JURISDICTION AND VENUE

1. Jurisdiction in this action is proper pursuant to the Federal Tort Claims Act ("FTCA") at 28 U.S.C. §§ 1346, 2401, 2671-2680.

2. Sovereign Immunity is waived under 28 U.S.C. § 2674.

3. Venue is proper under 28 U.S.C. § 1402 (b).

4. A written claim was submitted within two years of the date of injury

and denied under 28 U.S.C. §§ 2675 (a) and 2401 (b).

5. All administrative remedies have been exhausted, to wit: A final determination of Brinda's administrative claim was made by the Department of Health and Human Services on March 24, 2009 as required by 28 U.S.C. §§ 1346(b); 2401(b) and 2675.

## PARTIES

6. Brinda is a resident of Missoula, Montana.

7. Physician's Assistant ("PA") Ken Bogart was at all times relevant to this action acting within the scope of his office or employment as an employee of the Missoula City-County Health Department (d/b/a Partnership Health Center), a federally funded health care center, which has a principal place of business located in Missoula, Montana and is registered with the State of Montana.

8. Partnership Health Center is considered a federally qualified health center and is thus a "federal agency" pursuant to the FTCA at 28 U.S.C. § 2679.

9. PA Bogart is considered an "employee of the government" pursuant to the FTCA at 28 U.S.C. § 2671.

10. This action is brought against Defendant U.S.A., through Partnership Health Care Center and PA Bogart, since action against the U.S.A. is the exclusive remedy for claims against government employees and federal agencies pursuant to the FTCA at 28 U.S.C. § 2679.

## FACTS COMMON TO ALL COUNTS

11. On July 6, 2007, Brinda broke his foot.

12. On July 10, 2007, Partnership Employee PA Bogart, treated Brinda's foot, but did not take an x-ray.

13.  Brinda was discharged from Partnership, and given no instructions, advice or warnings regarding the possibility that his foot might be broken.

14.  Brinda continued to experience swelling, pain and bruising at the injury site. Subsequent examinations revealed that Brinda had indeed suffered a fracture to the bones of his foot, requiring surgery.

15.  Resulting from these injuries, Brinda suffered pain, swelling, loss of mobility, loss of sensation and an inability to work. The injuries would not have been as severe if Brinda's condition had been properly diagnosed and treated earlier.

## COUNT I
## NEGLIGENCE

16.  Brinda re-alleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 15 above.

17.  Defendant U.S.A., through Partnership Health Care Center, its agents, servants or employees, owed Brinda a duty of care to provide for his safety and ensure that his care complied with all relevant standards of care, protocols and procedures, and federal regulations.

18.  Defendant U.S.A., through Partnership Health Care Center, breached its duty by failing to comply with the applicable standards of care and by failing to provide for Brinda's care in a safe and reasonably prudent manner.

19.  As a direct and proximate cause of Defendant's breach, Brinda has sustained damages in amounts to be determined at trial.

## COUNT II
## MEDICAL MALPRACTICE

20.  Brinda re-alleges and incorporates by reference all of the allegations

set forth in paragraphs 1 through 19 above.

21. Defendant U.S.A., through Partnership Health Care Center, its agents, servants or employees represented themselves to be competent to perform or render all professional work, labor, services, treatments and tests that were to be rendered to Brinda.

22. On or about July 10, 2007, Brinda hired Defendant U.S.A., through Partnership Health Care Center, for rendering services at Partnership Health Center.

23. Defendant U.S.A., through Partnership Health Care Center, by its agents, servants or employees examined and undertook medical care of Brinda.

24. Defendant U.S.A., through Partnership Health Care Center, its agents, servants or employees, carelessly and negligently failed to discharge their duties in a manner consistent with the applicable standards of care for Brinda.

25. In rendering services to Brinda, Defendant U.S.A., through Partnership Health Care Center, violated its duties to him and were negligent by failing to conduct appropriate pre-procedure tests and examinations, failing to obtain informed consent, failing to appropriately hire, supervise and train its employees, failing to exercise approved procedures and practices for diagnosing and treating a fracture and failing to provide appropriate follow-up care.

26. As a result of the acts and omissions of the Defendant U.S.A., through Partnership Health Care Center, in the scope of its authority listed above, Brinda sustained serious injuries.

27. Defendant's negligence was the proximate and foreseeable cause of Brinda's injury.

28. As a proximate result of the Partnership Health Care Center's professional malpractice, Brinda has sustained damages in amounts to be determined at trial.

## COUNT III
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

29. Brinda re-alleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 28 above.

30. Partnership Health Care Center has an independent duty to hire, train and supervise the staff attending to patients like Brinda in accordance with the applicable standards of care, including, health center policies, procedures and protocols; state and federal regulations; guidelines, and protocols published by JCAHO and other professional associations and organizations.

31. Defendant U.S.A., through Partnership Health Care Center, failed to exercise reasonable care in the hiring, training and supervision of its staff.

32. Defendant U.S.A., through Partnership Health Care Center, failed to appropriately hire, train and supervise the medical staff creating an unreasonable risk of harm to a patient in the Defendant's care.

33. Defendant U.S.A., through Partnership Health Care Center, knew, or in the exercise of reasonable care should have known, that the inadequately hired, trained and supervised staff presented such a risk of harm. Thus, Brinda's injury was foreseeable to his supervisors at Partnership.

34. Defendant U.S.A., through Partnership Health Care Center, failed to appropriately hire, train and supervise the medical staff, which was a proximate and foreseeable cause of Brinda's injuries.

35. As a proximate result of the negligence of Defendant, through

Partnership Health Care Center, Brinda has sustained damages in amounts to be determined at trial.

36. To the extent the Court determines that it lacks subject matter jurisdiction over this part of Plaintiff's claim under the FTCA, Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a Judgment against Defendant as follows:

1. For compensatory damages;
2. For past and future medical costs;
3. For lost earnings as a result of the negligent act;
4. For business and professional damages including debt resulting from the injuries sustained;
5. For pain, suffering, and disfigurement;
6. For damages relating to emotional distress; and,
7. For such other and further relief as this Court deems just and proper under the circumstances.

DATED this 7th day of August, 2009.

By: /s/ W. Adam Duerk
W. Adam Duerk
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys for Plaintiff

11964/2(ids)(de)